UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE

U.S. COURTHOUSE
402 EAST STATE STREET, ROOM 4000
TRENTON, NJ 08608

November 13, 2023

## LETTER OPINION

Re: United States v. Donald Haring
Criminal Action No. 16-301-ZNQ

Dear Counsel and Mr. Donald Haring:

This matter comes before the Court upon a *pro se* Motion for Early Termination of Supervised Release filed by Defendant Donald Haring ("Defendant"). ("Motion", ECF No. 46.) The Government opposed the Motion. ("Opp'n Br.", ECF No. 51). Having reviewed Defendant's submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Local Criminal Rule 1.1 and Local Civil Rule 78.1(b), for the reasons set forth below, the Court **DENIES** the Motion.

## I. BACKGROUND AND PROCEDURAL HISTORY

On June 29, 2016, Defendant pled guilty, pursuant to a plea agreement, to one count of distribution of child pornography and one count of possession of child pornography. (ECF No. 21.) In addition to other penalties, the Court sentenced Defendant to a term of 72 months of imprisonment and to a five-year period of supervised release for each count, to run concurrently. (ECF No. 23.) On December 9, 2020, Defendant moved to reduce his prison sentence under the First Step Act, (ECF No. 40), and on February 2, 2021, the Court granted Defendant's motion. (ECF No. 45.) Consequently, Defendant only served 45 months in prison and began serving his term of supervised release on February 5, 2021; his supervised release is set to expire in February 2026. (Opp'n Br. at 2.) Defendant then filed this Motion on January 4, 2023, requesting early termination of his supervised release. On September 25, 2023, the matter was reassigned to the undersigned. (ECF No. 47.) The Government opposed Defendant's Motion on November 6, 2023. (ECF No. 51.)

## II. LEGAL STANDARD

A court may terminate a term of supervised release prior to its expiration under 18 U.S.C. § 3583(e)(1). The statute provides that a court may terminate a term of supervised release "after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *Id.* To determine whether to terminate supervised release, courts may consider the following factors:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal

> conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*United States v. Melvin*, 978 F.3d 49, 51 (3d Cir. 2020) (citing 18 U.S.C. § 3553(a)(1), (2)(B)–(D), (4)–(7)). "[A]fter considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *Id.* at 52; 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a District court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* at 53 (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014)). It is not required that a District court make specific findings of fact with respect to each of the factors. *United States v. Gammarano*, 321 F.3d 311, 315 (2d Cir. 2003). Instead, "a statement that [the district court] has considered the statutory factors is sufficient." *Id.* at 315–16 (quoting *United States v. Gelb*, 944 F.2d 52, 56–57 (2d Cir. 1991)).

Nevertheless, the Third Circuit has held that a defendant may forfeit the right to seek early termination of supervised release through a waiver of his right to appeal, provided: "(1) that the issues [defendant] pursues on appeal fall within the scope of his appellate waiver and (2) that he knowingly and voluntarily agreed to the appellate waiver, unless (3) enforcing the waiver could work a miscarriage of justice." *United States v. Damon*, 933 F.3d 269, 272 (3d Cir. 2019) (quoting *United States v. Corso*, 549 F.3d 921, 927 (3d Cir. 2008)).

### III. DISCUSSION

#### A. DEFENDANT IS PRECLUDED FROM SEEKING EARLY TERMINATION OF HIS SUPERVISED RELEASE

As a threshold matter, the Court first considers whether Defendant has waived his right to seek early termination of his supervised release.

Defendant does not challenge the voluntariness of his appellate waiver or the scope of his plea agreement. (*See generally* Motion.) Rather, Defendant's Motion seeks an early termination of his supervised release so that he could travel to Virginia. (*Id.* at 2.) Because "such considerations present a judgment call at best, and do not rise to the level of a miscarriage of justice," the Court does not find that enforcing the waiver presents a miscarriage of justice. *United States v. Spencer*, Crim. No. 09-806, 2022 WL 676924, at *1 (D.N.J. Mar. 7, 2022).

Accordingly, the Court need only determine whether Defendant's Motion falls within the scope of his appellate waiver. In *Damon*, the Third Circuit affirmed the district court's denial of a defendant's motion to terminate his term of supervised release. *Damon*, 933 F.3d at 270. Finding that the term "'sentence' unambiguously includes the imposition of a term of supervised release," the Third Circuit

concluded that the defendant's plea agreement waived his challenge to terminate his supervised release because it fell within the scope of waiver of appeals and other challenges to the sentence. *Id.* at 273–75. Here, the Government argues that "*Damon* applies equally here" and that Defendant's Motion "is a barred 'challenge to the sentence imposed.'" (Opp'n Br. at 2–3 (quoting *Damon*, 933 F.3d at 274).)

District courts in the Third Circuit have distinguished *Damon* on two bases: (1) where a motion for early termination of supervised release is brought by a probation officer or (2) where the language of the appellate waiver is narrower. *United States v. Whitehead*, Crim. No. 10-866, 2023 WL 4686246, at *3 (D.N.J. July 21, 2023) (citing *United States v. Harris*, Crim. No 14-434, 2021 WL 4342091, at *3 (D.N.J. Sept. 23, 2021); *United States v. Fluellen*, Crim. No. 09-497-1, 2022 WL 309159, at *5 (E.D. Pa. 2022)). However, neither of these factors are present here. First, the Motion was brought by Defendant himself and not a probation office. (*See* Motion.) Second, the language of Defendant's plea agreement and the language of the defendant's plea agreement in *Damon* is essentially identical. (*Id.* at 3.) Specifically, both of the statutes contain a provision that reads "[defendant] voluntarily waives, the right to file any appeal, any collateral attack, *or any other writ or motion* . . . which challenges the sentence imposed." (*Id.*) (emphasis added). Because both agreements contain the same waiver provision language, Defendant's appellate waiver is not narrower than that of the defendant in *Damon*. And like in *Damon*, Defendant's prison sentence of 72 months fell below the maximum sentence. Accordingly, for the above reasons, the Court finds that Defendant's Motion falls within the scope of his appellate waiver and the Motion is precluded by the terms of the plea agreement.

### B.    MERITS OF DEFENDANT'S MOTION

Notwithstanding Defendant's waiver of his right to bring this Motion, the Court considers the merits of Defendant's Motion as well.

Here, Defendant seeks early termination from his supervised release so he could embark on "a once in a lifetime extended road trip to visit 25 of our national parks, mostly out west." (Motion at 2.) As Defendant notes, the circumstances of his probation have stalled these plans. (*Id.*) Defendant specifically explains that he requested permission to travel to Williamsburg, Virginia, and while the local probation office approved his request, the Federal Probation Office of Virginia denied him permission. (*Id.*) Defendant also notes that while on supervised release, Defendant has rented an apartment, held a job, and has complied with his probation requirement. (*Id.* at 1.) Therefore, Defendant asks the Court to grant him early termination of his supervised release so that Defendant could travel before the Spring of 2026. (*Id.* at 2.)

The Government opposes Defendant's request and argues that Defendant's request for early termination is not justified. The Government first points to the serious offense Defendant was convicted of: possession and distribution of child pornography. (Opp'n Br. at 5.) Second, the Government notes that early termination of his release is "unjustified because this Court already reduced [Defendant's] prison sentence from 72 months to 45 months." (*Id.*) Third, the Government underscores that Defendant "does not claim a special connection to the Williamsburg National Park in Virginia" and that although he "is unable to visit Virginia, he is not prevented from requesting permission to visit other national parks in other states." (*Id.*) Finally, the Government argues that although Defendant has complied with his probation requirements, "compliance alone does not justice early termination." (*Id.*)

Having considered both parties' positions, the Court will not grant Defendant's request for early termination of his supervised release. Defendant's criminal conduct was very serious. Defendant possessed and distributed child pornography and it is within this context that the Court must consider whether early termination is merited by Defendant's conduct or in the interest of justice. And though the Court recognizes that Defendant has complied with his terms of probation, "a defendant's routine compliance with the terms of supervision, although commendable . . . is precisely what is expected of a defendant." *United States v. Hou*, Crim. No. 20-780, 2022 WL 2671130, at *3 (D.N.J. July 11, 2022) (quoting *United States v. Stiso*, Crim. No. 14-484, 2021 WL 1291648, at *3 (D.N.J. Apr. 6, 2021)). Further, as the Government identifies, Defendant has only provided one instance in which he requested to travel but was denied. Therefore, Defendant is not precluded from requesting permission to travel to another national park in another state. In short, the interest of justice would not be served by early termination of Defendant's supervised release.

Even if Defendant was not precluded from seeking early termination of his supervised release pursuant to his plea agreement, the Court would nevertheless find that early termination of his supervised release is unwarranted.

## IV. CONCLUSION

For the reasons stated above, the Court will deny Defendant's Motion for Early Termination of Supervised Release. An appropriate Order will follow.

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**